```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X   For Online Publication Only
PEDRO ENRIQUE HERNANDEZ, and FERMIN
CRUZ AVILA, individually and on behalf
of all others similarly situated,
                                                                          ORDER
                                        Plaintiff,                        22-CV-6549 (JMA) (SIL)

                    -against-
                                                                          FILED
                                                                          CLERK
JF CONSTRUCTION OF NY INC, DEISY POLANCO,                                 1:10 pm, Feb 21, 2024
and JORGE LINARES FLORES, as individuals,
                                                                          U.S. DISTRICT COURT
                                                                          EASTERN DISTRICT OF NEW YORK
                                        Defendants.                       LONG ISLAND OFFICE
----------------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Plaintiff Fermin Cruz Avila ("Avila") filed a motion for default judgment against Defendants JF Construction of NY, Inc, Deisy Polanco, and Jorge Linares Flores (collectively, "Defendants"). Avila alleges that Defendants failed to: (1) pay him overtime wages in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 650 et seq.; (2) pay him unpaid straight-time wages under the FLSA and the NYLL; and (3) provide him with wage notices and wage statements as required by NYLL §§ 195(1) and 195(3), respectively. For the reasons stated herein, Avila's motion for a default judgment is GRANTED against Defendants and Avila is awarded a default judgment in the amount of $39,915.50. Additionally, the claims of Plaintiff Pedro Enrique Hernandez are dismissed without prejudice.

## I.  DISCUSSION

### A. Defendants Defaulted

The record reflects that Defendants were properly served in this action but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds Defendants in default.

### B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, those requirements are met.

The Court finds that the well-pleaded allegations in the Complaint meet the jurisdictional prerequisites of the relevant FLSA and NYLL provisions. See 29 U.S.C. §§ 206(a), 207(a)(1); NYLL §§ 2, 190 to 199-A; see Guerrero v. Danny's Furniture Inc., No. 19-cv-7284, 2021 WL 4155124, at *2 (S.D.N.Y. Sept. 13, 2021). The Court further finds that the Complaint's allegations constitute violations of the overtime provisions of the FLSA, and of the overtime, wage notice, and wage statement provisions of the NYLL. See Guerrero, 2021 WL 4155124, at *2. Avila is also entitled to "gap time" pay under the NYLL. With respect to the individual defendants, the Court finds that the Complaint sufficiently alleges that they are liable for all the violations above.

### C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by Avila by reviewing affidavits and

2

other documentary evidence. See Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.

Avila requests an award of monetary damages in the amount of $69,542.86 plus post-judgment interest against Defendants, jointly and severally. The record, which includes Avila's affidavit, establishes, to a reasonable certainty, the damages awarded below.

Avila contends that he should be awarded $37.50 for each hour of overtime. Avila's affidavit, however, does not support this damages calculation. Avila's hourly rate was $25.00 per hour. According to Avila, he received $25.00 "for all hours worked including my overtime hours." (Avila Aff. ¶ 8, ECF No. 20; see also id. ¶ 12.) Avila should have received a total of $37.50 for each hour of overtime (1.5 X $25.00/hour). Because Avila did not receive an additional $12.50 for each hour of overtime he worked, (id. ¶ 13), he is entitled to recover $12.50 for each hour of overtime. Avila's motion papers and damages chart incorrectly assert that Avila is entitled to recover $37.50 for each hour of overtime he worked. Except for Avila's final 25 days at work, he was already paid $25.00 for each hour of overtime. As such, the Court awards Avila an additional $12.50 per hour for each hour of overtime he worked.

There is a brief period for which Avila should be awarded $37.50 for each hour of overtime worked. Avila was not paid at all for his final 25 days at work. Accordingly, Avila is awarded an additional $25 (over and above the $12.50 per hour of unpaid overtime compensation accounted for above) for each hour of overtime that he worked during his final 25 days at work. For four (4) of these days, the Court awards Avila an additional $200 per day ($25.00/hour X 8 hours of overtime). For four (4) of these days, the Court awards Avila an additional $225 per day ($25.00/hour X 9 hours of overtime). For this 25-day period, Avila is also awarded $5,000 to compensate him for unpaid "gap time" wages.

Accordingly, the Court awards Avila the following:

i. $8,257.75 for unpaid overtime wages based on $12.50/hour of unpaid overtime compensation, 17 overtime hours worked per week, and 38.86 total weeks worked (12.50 x 17 x 38.86=$8,257,75);

ii. $1,700 in additional unpaid overtime wages to compensate Avila for the overtime hours he worked during his final 25 days at work;

iii. $5,000.00 for unpaid "gap-time" wages;

iv. $14,957.75 for liquidated damages;

v. $5,000.00 for wage statement damages; and

vi. $5,000.00 for wage notice damages.

This results in a total damages award of $39,915.50

## II. CONCLUSION

For the reasons stated above, Avila's motion for a default judgment is granted. Defendants are jointly and severally liable to Avila for $39,915.50. The Court further orders Defendants to pay Avila post-judgment interest calculated from the date judgment is entered in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961.

As is required of any court issuing an "order awarding [NYLL] remedies," the Court makes clear that, under NYLL § 198, "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL §§ 198(4), 663(4); see Martinez v. Dannys Athens Diner Inc., No. 16-cv-7468, 2017 WL 6335908, at *6 (S.D.N.Y. Dec. 5, 2017).

On September 30, 2023, the Court warned Plaintiff Pedro Enrique Hernandez that if he failed to file an affidavit in support of his motion for default judgment within 60 days, his claims

4

would be dismissed without prejudice. As Hernandez has failed to file the requested affidavit, the Court dismisses his claims without prejudice.

The Clerk of the Court is directed to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: February 21, 2024
Central Islip, New York

                                         /s/    (JMA)
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE